FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REANNA C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-00131-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 18. Attorney Timothy Anderson represents Reanna C. (Plaintiff); Special Assistant United States Attorney Franco Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on February 23, 2016 and March 7, 2016, respectively, alleging disability since July 1, 2015,[1] due to blindness, severe vision

---

[1] Plaintiff later amended her alleged onset date to April 23, 2016. Tr. 39.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

problems, depression, anger management problems, bipolar, anxiety, endometriosis, bilateral foot injury, learning disorder, and problems focusing. Tr. 70-71. The applications were denied initially and upon reconsideration. Tr. 142-50, 154-67. Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on July 17, 2018, Tr. 35-68, and issued an unfavorable decision on March 13, 2019. Tr. 15-29. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on January 24, 2020. Tr. 1-5. The ALJ's March 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 30, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1993 and was 23 years old as of the amended alleged onset date. Tr. 70. She completed her GED and has work experience in fast food, agricultural sorting, and housekeeping cleaning. Tr. 273-74, 290-93. She has been blind in her left eye since she was young and has struggled with abdominal pain and mental health issues for several years. Tr. 53, 445-46, 459.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one

rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 13, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: blindness/low vision left eye; endometriosis; carpal tunnel syndrome, anxiety, depression, and alcohol abuse. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work with the following specific limitations:

> She may frequently climb stairs and ladders; she may frequently stoop; she would be limited to occasional near and far acuity; she would not be able to read small print or newspapers; she would be restricted to large print only; she would not be able to use a computer screen for any length of time; she would be limited to frequent handling and fingering; and she would be susceptible to hazards in the workplace due to no peripheral vision. In terms of mental functioning, she may not perform jobs with SVP levels greater than two; she may have occasional interaction with the public, coworkers, and supervisors; and she would be off-task up to 10% of the workday.

Tr. 21.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a cleaner, housekeeping. Tr. 28-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 29.

///

///

///

# ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by making step four findings that were not supported by substantial evidence.

# DISCUSSION

## 1. Step four

A claimant has the burden of showing that she can no longer perform her past relevant work. *See* 20 C.F.R. §§ 404.1512(a), 404.1520(f). Although the claimant has the burden of proof at step four, an ALJ must still make "the requisite factual findings" to support their conclusions. *Pinto v. Massanari,* 249 F.3d 840, 844 (9th Cir. 2001). An ALJ's determination at step four "must be developed and explained fully" and contain the following specific findings of fact: (1) the claimant's residual functional capacity; (2) the physical and mental demands of the past relevant job/occupation; and (3) that the claimant's residual functional capacity would permit a return to her past job or occupation. *See* Social Security Ruling 82-62.

Plaintiff argues the ALJ erred in finding her capable of returning to her past relevant work as a housekeeper/cleaner, given the vocational expert's testimony regarding the impact of Plaintiff's vision limitations. ECF No. 16 at 4-7. Defendant argues the ALJ's finding is supported by the vocational expert's testimony and Plaintiff did not meet her burden of establishing that she cannot return to her past relevant work. ECF No. 18 at 7-11.

The Court finds the ALJ did not err. The ALJ posed a hypothetical to the vocational expert, matching the eventual RFC finding, and the vocational expert testified that such an individual would be capable of performing the cleaner/housekeeping position. Tr. 62-63. A discussion ensued regarding the vocational

expert's disagreement with the Dictionary of Occupational Titles, which indicated there were no vision requirements for the job, while the vocational expert opined a worker "would need to have some near acuity" to perform the job. Tr. 63. The vocational expert also testified that vision problems "could potentially" cause problems for a housekeeper in avoiding hazards in a room or hallway, but did not change her testimony that someone with the hypothetical limitations could still perform the work. Tr. 65. Therefore, the ALJ's finding at step four is supported by the vocational expert's testimony.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE